# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                  **Case No.   1:16-cr-407-TCB**

**ALPHONSO I. WATERS**

**Defendant's Attorney**
**Paul S. Kish**

---

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant was found guilty by jury on Counts 1 and 2 of the Indictment.

Accordingly, the defendant is adjudged guilty of such counts which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 USC § 1343 and 2 | Wire Fraud | 1 and 2 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$200.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.         XXX-XX-5404          Date of Imposition of Sentence: March 22, 2018
Defendant's Date of Birth:        1961
Defendant's Mailing Address:
Atlanta, Georgia   30311

Signed this the 26th day of March, 2018.

TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **SIX (6) MONTHS as to each of Counts 1 and 2, to be served concurrently for a total of SIX (6) MONTHS.**

The Defendant shall surrender to the Bureau of Prisons at the designated institute as notified by the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
                    Deputy U. S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ONE (1) YEAR as to each of Counts 1 and 2 to be served concurrently for a total of ONE (1) YEAR..

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The defendant shall not possess a firearm as defined in 18 USC § 921.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

## SPECIAL CONDITIONS

Pursuant to 42 USC Section 14135a(d) and 10 USC Section 1565(d), which require mandatory DNA testing for Federal Offenders convicted of felony offenses, the defendant shall cooperate in the DNA collection as directed by the probation officer.

The defendant shall not own, possess or have under his control a firearm, dangerous weapon, or other destructive device as defined in 18 USC § 921.

The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter.

The defendant shall submit to a search of his or her person, property, house, residence, vehicle, papers [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media], or office, conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The defendant shall permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value of violations of supervision.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer and unless the defendant is in compliance with the installment payment schedule.

The defendant shall make a full and complete disclosure of his finances and submit to an audit of his financial documents, at the request of the Probation Office.

1:16-cr-407-TCB : ALPHONSO I. WATERS

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime.  In addition:

1.   The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.   The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.   The defendant shall support his or her dependents and meet other family responsibilities;

5.   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.   The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7.   The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8.   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10.   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11.   The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12.   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13.   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

1:16-cr-407-TCB : ALPHONSO I. WATERS

**FINE**

The defendant shall pay a fine of $9,500.00.

This fine includes any costs of incarceration and supervision.

This fine (plus any interest required) shall be paid immediately.

If the fine is not paid, the court may sentence this defendant to any sentence which might have been originally imposed.  See 18 USC 3614.

The defendant shall make fine payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program.  During the period of incarceration, the defendant shall pay, at a minimum, the greater of $25 or 50% of the deposits in his inmate trust account per quarter.

Any portion of the fine that is not paid in full at the time of the defendant's release from imprisonment, shall become a condition of supervision and be paid at the monthly rate of $250 plus 25% of gross income in excess of $2,500 per month.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

## FORFEITURE

The forfeiture of the defendant's right, title and interest in certain property is hereby ordered consistent with the plea agreement.  If applicable, the United States shall submit a proposed order of forfeiture forthwith.